**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Augusta Smith,<br><br>Plaintiff,<br><br>-v-<br><br>Unique People Services, Inc.,<br><br>Defendant. | **Civ. Action #:**<br><br>**<u>Complaint</u>**<br><br>**Date Filed:**<br><br>**Jury Trial Demanded** |

Plaintiff Augusta Smith ("Plaintiff" or "Smith"), by Abdul Hassan Law Group, PLLC, her attorney, complaining of the Defendant Unique People Services, Inc. ("UPS" or "Defendant") respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges, that she was employed by Defendant and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), she is: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times her regular rate for such hours over forty in a week; (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiff further complains pursuant to New York Labor Law, that she is: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times her regular rate for such hours over forty in a week, (ii) is entitled to maximum liquidated damages and attorneys' fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law§§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiff is also entitled to recover her unpaid wages, and unlawful wage deductions, under Article 6 of the New York Labor Law including Section 191, 193, and maximum compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages, interest,

and attorneys' fees pursuant to Section 198 of the New York Labor Law.

4. Plaintiff also complains that she was terminated and discharged in discrimination and retaliation by Defendant because, in good faith, she complained of and opposed Defendant's failure to pay her wages including overtime wages. Such retaliatory termination violates the FLSA at 29 USC § 215 and NYLL §§ 215, and Plaintiff is entitled to and seeks to recover all damages available under these statutes.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

**THE PARTIES**

8. Plaintiff Augusta Smith ("Plaintiff" or "Smith") is an adult, over eighteen years old, who currently resides in Queens County in the State of New York.

9. Upon information and belief, and at all times relevant herein, Defendant Unique People Services, Inc. ("Unique People Services" or "Defendant") was a New York corporation with a place of business located at 4234 Vireo Avenue, Bronx, NY 10470, where Plaintiff was employed.

**STATEMENT OF FACTS**

10. Upon information and belief, and at all relevant times herein, Defendant provided housing services to special needs individuals. See https://www.uniquepeopleservices.org/

11. Upon information and belief, and at all relevant times herein, Defendant employed 50 or more employees.

12. Upon information and belief, and at all times relevant herein, Plaintiff was employed by Defendant for about 11 years ending on or about April 1, 2020.

13. At all times relevant herein, Plaintiff was an hourly employee of Defendant and her last hourly rate of pay was about $28.12 an hour.

14. At all times relevant herein, Plaintiff was employed by Defendant as a manual worker within the meaning of NYLL 191(1)(a)(i), performing a variety of functions within this capacity including cleaning, cooking etc.

15. At all times relevant herein, Plaintiff worked about 45-50 or more hours each week for Defendant, five (5) or more days a week.

16. A more precise statement of the hours and wages may be made when Plaintiff Smith obtains the wage and time records Defendant was required to keep under the FLSA and NYLL. *Accurate* copies of Plaintiff's wage and time records that Defendant was required to keep pursuant to 29 USC 211, 29 CFR 516 and NYLL 195, 12 NYCRR 142.2-6 are incorporated herein by reference.

17. At all times relevant herein, Defendant did not pay Plaintiff for her overtime hours (hours over 40 in a week) worked in a week, for each and all weeks during her employment with Defendant – Defendant only paid Plaintiff for 40 or less hours worked per week, for each week during her employment with Defendant.

18. In late March 2020, Plaintiff in good faith claimed wages for overtime hours worked and complained to Defendant in good faith about its failure to pay her overtime wages. In response, Defendant became angry at Plaintiff, and then terminated Plaintiff on or about April 1, 2020 in retaliation/discrimination for claiming overtime wages in good faith and complaining in good faith about Defendant's failure to pay her overtime wages.

19. At all times relevant herein, Defendant did not provide Plaintiff with the notice(s) required by NYLL 195(1).

20. At all times relevant herein, Defendant did not provide Plaintiff with the statement(s) required by NYLL 195(3) - the statements provided to Plaintiff did not reflect all rates of pay including Plaintiff's regular and overtime rates of pay, among other deficiencies.

21. Upon information and belief, and at all times relevant herein, Defendant had revenues and/or transacted business in an amount exceeding $500,000 annually.

22. At all times applicable herein, Defendant conducted business with vendors and other businesses outside the State of New York.

23. At all times applicable herein and upon information and belief, Defendant conducted business outside the State of New York involving materials and services.

24. Defendant as a regular part of its business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

25. Defendant as a regular part of its business, engaged in credit card transactions with involving banks and other institutions outside the state of New York.

26. At all times applicable herein and upon information and belief, Defendant transacted business with insurance companies, banks and similar lending institutions outside the State of New York.

27. At all times applicable herein and upon information and belief, Defendant utilized the instrumentalities of interstate commerce such as the United States mail, internet, electronic mail and telephone systems.

28. All times applicable or relevant herein as to the FLSA overtime claim refers to <u>at least</u> the two-year and three-year period preceding the filing of this complaint, but this period may be longer.

29. All times applicable or relevant herein as to the NYLL overtime claim refers to at least the six-year period preceding the filing of this complaint, but this period may be longer.

30. At all times relevant herein and for the time Plaintiff was employed by Defendant, Defendant failed and willfully failed to pay Plaintiff an overtime rate of at least 1.5 times her regular rate of pay for all hours worked in excess of forty hours in a week.

31. Upon information and belief, and at all relevant times herein, Defendant failed to display federal and state minimum wage/overtime posters.

32. Upon information and belief, and at all relevant times herein, Defendant failed to notify Plaintiff of her federal and state minimum wage and overtime rights and failed to inform Plaintiff that she could seek enforcement of such rights through the government enforcement agencies.

33. "Plaintiff" as used in this complaint refers to the named Plaintiff.

34. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

**AS AND FOR A FIRST CAUSE OF ACTION**

**FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq.**

35. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 34 above as if set forth fully and at length herein.

36. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the FLSA – 29 USC § 201 et Seq.

37. At all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendant constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. § 207.

38. At all times relevant herein, Defendant transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

39. At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff overtime compensation at rates not less than 1.5 times her regular rate of pay for each hour worked in excess of forty hours in a week, in violation of 29 U.S.C. § 207.

**Relief Demanded**

40. Due to Defendant's FLSA overtime violations, Plaintiff is entitled to recover from Defendant, her unpaid overtime compensation, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

**AS AND FOR A SECOND CAUSE OF ACTION**
**NYLL 650 et Seq. (Unpaid Overtime)**

41. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 39 above as if set forth fully and at length herein.

42. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations and wage orders thereunder including 12 NYCRR § 142.

43. At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff overtime compensation at rates not less than 1.5 times her regular rate of pay for each hour worked in excess of forty hours in a work-week, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders. N.Y. Lab. Law §§ 650 et seq., including 12 NYCRR § 142-2.2.

**Relief Demanded**

44. Due to Defendant's New York Labor Law violations, Plaintiff is entitled to recover from Defendant, her unpaid overtime compensation, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. §

663(1).

**AS AND FOR A THIRD CAUSE OF ACTION**

**(NYLL § 190, 191, 193, 195 and 198)**

45. Plaintiff alleges and incorporates each and every allegation contained in paragraphs 1 through 44 above with the same force and effect as if fully set forth at length herein.

46. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder.

47. Defendant violated and willfully violated NYLL §§ 190 et seq., including §§ 191, 193 and 198, by failing to pay Plaintiff all her wages including her overtime wages, (FLSA and NYMWA) within the time required under NY Labor Law § 190 et seq.

48. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL § 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-b), as well as an injunction directing Defendant to comply with NYLL § 195(1).

49. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL § 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-d), as well as an injunction directing Defendant to comply with NYLL § 195(1).

**Relief Demanded**

50. Due to Defendant's New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendant, her entire unpaid wages, including her overtime wages, (FLSA and NYMWA), non-overtime wages, wage deductions, maximum liquidated damages, prejudgment interest, maximum recovery for violations of

NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

**AS AND FOR A FOURTH CAUSE OF ACTION**

**RETALIATION/DISCRIMINATION – FLSA 29 USC § 215 and NYLL § 215,**

51. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 50 above as if set forth fully and at length herein.

52. At all times relevant herein, Plaintiff was employed by Defendants, individually, and/or jointly within the meaning of the FLSA at 29 USC § 215 and New York Labor Law §§ 2, 215 and 651 and the regulations thereunder.

53. At all times relevant herein, Defendant was a covered person or entity within the meaning of the FLSA at 29 USC § 215 and New York Labor Law §§ 2, 215 and 651 and the regulations thereunder.

54. Defendant discharged/terminated Plaintiff's employment with it in retaliation and discrimination and in violation of the FLSA at 29 USC § 215 and the NYLL §§ 215, for engaging in protected activity and because of Defendants' practice as further set forth above.

55. A notice of this action/claim was provided to the NYS Attorney General pursuant to NYLL § 215 prior to the filing of this action.

**Relief Demanded**

56. Defendant's New York Labor Law violations, have caused and proximately caused Plaintiff to suffer damages and Plaintiff is entitled to recover from Defendant all available damages, including his lost wages, reinstatement, maximum liquidated damages, other damages, attorneys' fees, and costs of the action, pursuant to the FLSA at 29 USC § 215 and NYLL including § 215.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

57. Declare Defendant (including its overtime and wage payment policy and practice), to be in violation of the rights of Plaintiff, under the FLSA and New York Labor Law – 12 NYCRR § 142, and Article 6 of the NYLL – NYLL § 190 et Seq.

58. As to the **First Cause of Action**, award Plaintiff her unpaid overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorneys' fees pursuant to 29 USC § 216(b);

59. As to the **Second Cause of Action**, award Plaintiff her unpaid overtime wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR §§ 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

60. As to the **Third Cause of Action**, award Plaintiff any and all outstanding wages, including her entire unpaid wages, including her overtime wages, (FLSA and NYMWA), non-overtime wages, wage deductions, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

61. As to the **Fourth Cause of Action**, award Plaintiff all damages available under the FLSA at 29 USC § 215 and NYLL §§ 215, including her lost wages, reinstatement/front pay, maximum liquidated damages, other damages, attorneys' fees, and costs of the action, pursuant to the FLSA at 29 USC § 215 and NYLL including §§ 215;

62. Award Plaintiff, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

63. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
       **June 19, 2020**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

/s/ Abdul Hassan_________________
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 -Fax: 718-740-2000
Email: abdul@abdulhassan.com